UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| VICTOR IVORY BARTLETT,  § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | |
| § | CIVIL ACTION V-07-94 |
| NATHANIEL QUARTERMAN, § | |
| Director, Texas Department of § | |
| Criminal Justice, Institutional Division, § | |
| § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Victor Ivory Bartlett ("Petitioner") filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging the forfeiture of street time credits after his parole was revoked. (Dkt. No. 1.) Respondent Nathaniel Quarterman ("Respondent"), as Director of the Texas Department of Criminal Justice, Institutional Division (TDCJ), filed a Motion for Summary Judgment asserting that Petitioner's claims are barred as untimely (Dkt. No 13), to which Petitioner responded (Dkt. Nos. 14 & 15). After reviewing the motion, response, record, and applicable law, the Court is of the opinion that Respondent's motion should be GRANTED and Petitioner's habeas petition should be DISMISSED.

### Background

On October 7, 1991, Petitioner pled guilty to two counts of first degree burglary of a habitation. *State v. Bartlett*, Nos. 91-8-3370 & 91-8-3371 (24th Dist. Ct. Goliad County, Tex., Oct. 7, 1991). He was sentenced to thirty-five years imprisonment for each offense with sentences to run concurrently. *Id.* That same day, Petitioner also pled guilty

1

to second degree burglary of a building and first degree burglary of a habitation and was sentenced to twenty years imprisonment for each offense, with sentences to run concurrently with his thirty-five year sentences. *State v. Bartlett*, Nos. 91-8-3372 & 91-8-3374 (24th Dist. Ct. Goliad County, Tex., Oct. 7, 1991).[1]

Petitioner was released on parole on August 21, 1996, but was returned to TDCJ custody on September 13, 2004 after the revocation of his parole due to his conviction for forgery in *State v. Bartlett*, No. 04-05-20, 965 (24th Dist. Ct. Victoria County, Tex., Aug. 12, 2004). (Dkt. No. 13 Exs. B & C.) When Petitioner was returned to custody, he lost all street time credits earned during his release. (*Id.* Ex. C.)

On February 17, 2005 and again on May 19, 2005, Petitioner filed time-credit dispute resolution forms, to which the TDCJ responded on August 25, 2005 and January 12, 2006, respectively, indicating that there was no error in Petitioner's time calculations. (Dkt. No. 13, Ex. B at 3.) Petitioner then filed five state habeas applications challenging the forfeiture of street time credit earned during the period he was on parole. Petitioner's first state writ was filed August 16, 2005 and denied without written order on October 5, 2005. *Ex parte Bartlett*, No. WR-62,950-01 (Tex. Crim. App. 2005). Petitioner's second, third, fourth, and fifth state writs were all filed on April 13, 2006 and denied without written order on December 6, 2006. *Ex parte Bartlett*, Nos. WR-62,950-02, -03, -04 & -05 (Tex. Crim. App. 2006).

Petitioner indicates that he filed the instant petition for habeas corpus on March 19, 2007. (Dkt. No. 1 at 9.) *See Spotsville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (a federal habeas petition is considered filed on the date it is placed in the prison mail

---

1. A procedural history of any appeals Petitioner may have filed is unnecessary, as Petitioner is challenging the way his sentence was executed, rather than his convictions.

system). However, the Court did not receive his petition until October 7, 2007. Further, prison outgoing mail logs dated March 15, 2007 through March 25, 2007 show that Petitioner did not place anything in the prison mail system during this time period. (Dkt. No. 13 Ex. D.) Therefore, the Court will assume that Petitioner's habeas petition was filed on October 30, 2007, the date it was file-stamped.

## Statute of Limitations

Petitioner's federal habeas petition is subject to the amendments to the federal habeas corpus statutes embodied in the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (holding that federal habeas petitions filed after the AEDPA's April 24, 1996 effective date are subject to the provisions of that statute, including the statute of limitations) (citing *Lindh v. Murphy*, 521 U.S. 320, 336 (1997)). Under the AEDPA, federal habeas petitions which challenge state court judgments are subject to a one-year limitations period pursuant to 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

## Analysis

Respondent moves for summary judgment based on AEDPA's one-year statute of limitations. (Dkt. No. 13 at 6.) Because Petitioner is attacking his time-credit calculation rather than his conviction (Dkt. No. 1 at 7—8), the one-year limitations period began to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The factual predicate for this claim arose and could have been discovered by Petitioner through the exercise of due diligence on September 13, 2004, the date Petitioner was returned to custody after his parole was revoked. Thus, the one-year limitations period began to run on September 13, 2004, and Petitioner was required to file his federal habeas petition on or before September 13, 2005.

Under § 2244(d)(2), a properly filed application for State post-conviction or other collateral review will toll the limitations period while the application is pending. Petitioner is not entitled to statutory tolling during the period his two time-credit dispute resolution forms were pending because these forms are not applications for State post-conviction or other collateral review under § 2244(d)(2). *See Ott v. Johnson*, 192 F.3d 510 (5th Cir. 1999) (petition for writ of certiorari to the Supreme Court does not toll the limitations period because it is not an application for "State" review); *Foley v. Cockrell*, 222 F. Supp. 2d 826, 828 (N.D. Tex. 2002) ("[B]ecause TDCJ is not a state court and a decision in a prison disciplinary case is not a judgment of a state court, the limitation period does not toll by statute during the time that administrative appeals through the

prison grievance process are pending."). Likewise, Petitioner is not entitled to statutory tolling during the period his second, third, fourth, and fifth state habeas applications were pending because they were filed on April 13, 2006, after the limitations period expired. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). However, Petitioner's first state writ, filed on August 16, 2005 and denied on October 5, 2005, tolled the limitations period for fifty days, extending the filing deadline to November 2, 2005.

When Petitioner filed the instant federal habeas petition on October 30, 2007, he was nearly two years late. Petitioner has not claimed, nor does the record reflect, any grounds for equitable tolling in this action. Thus, Petitioner's habeas petition is barred by the one-year statute of limitations under AEDPA.

### Certificate of Appealability

A certificate of appealability may be issued only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(B)(2). To make such a showing, Petitioner must demonstrate that reasonable jurists could disagree on the issues at bar, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir. 1998). For the reasons stated in this Order, Petitioner has not made a substantial showing of the denial of a constitutional right or that reasonable jurists would find the Court's rulings to be debatable. Therefore, the Court denies the issuance of a certificate of appealability in this action.

**Conclusion**

For the foregoing reasons, Respondent's Motion for Summary Judgment (Dkt. No. 13) is GRANTED and Petitioner's Petition for a Writ of Habeas Corpus (Dkt. No. 1) is DISMISSED. The Court DENIES Petitioner a Certificate of Appealability.

It is so ORDERED.

Signed this 19th day of February, 2009.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE